Case 08-17239    Filed 06/01/09    Doc 372

**NOT FOR PUBLICATION**

FILED
JUN - 1 2009
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    Case No. 08-17239-A-11
                                         DC No. KDG-21
V.O. and CO., INC.

           Debtor.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING THIRD APPLICATION FOR ALLOWANCE
OF INTERIM ATTORNEY'S FEES AND COSTS
FOR KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL**

A hearing was held April 29, 2009, on the Third Application for Allowance of Interim Attorney's Fees and Costs filed by Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball ("Klein DeNatale") as attorneys for the debtor. Perry Grove Park Apartments, Ltd. ("Perry Grove") opposed the application. Following the hearing, the court took the matter under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2).

The debtor is a corporation in the business of retail furniture sales. The debtor is owned by two shareholders, Frank and Mary Ellen Van Ostrand. The debtor has operated its business in chapter 11, obtained use of cash collateral and the authority

to borrow, and has proposed (and now confirmed) a plan of reorganization.

The debtor leases retail space from Perry Grove. The Van Ostrands guaranteed the performance of the debtor's obligations under the lease. After the bankruptcy case was filed, in February 2009, Perry Grove filed a complaint against the Van Ostrands on their personal guarantee and sought a writ of attachment.

Perry Grove objects to the application of Klein DeNatale on the grounds that the firm is billing the debtor's estate for time spent on the state court action Perry Grove filed against the Van Ostrands. Additionally, Perry Grove asserts that in representing the Van Ostrands in the state court action, Klein DeNatale has a conflict of interest that should prohibit it from representing the debtor and billing the debtor's estate. Finally, Perry Grove asserts that the Van Ostrands either misrepresented the date on which they were served with the state court action or, in the alternative, that Klein DeNatale erred in its billing.

In reply to the opposition, Scott Belden of Klein DeNatale stated at the hearing that because the lawsuit implicated the debtor's reorganization, the firm had an obligation to review the lawsuit. The Van Ostrands had separate counsel in the state court action. Further, he stated that he appeared at the hearing on the writ of attachment to address bankruptcy issues that the state court judge might have.

The question about when the Van Ostrands were served arises from a billing record showing that Klein DeNatale was analyzing the state court action on March 9, while Frank Van Ostrand stated

1 | that he had not received proper notice of the state court action
2 | until March 12.
3 |     The time billed by Klein DeNatale in connection with the
4 | state court action is reasonable in the context of the firm's
5 | representation of the corporate debtor.  Clearly, the state court
6 | action had the potential to affect the reorganization prospects
7 | of the debtor.
8 |     While ambiguous, Frank Van Ostrand's statement in opposition
9 | to the writ of attachment application that he did not receive
10 | personal service of the notice and application until March 12th,
11 | is not inconsistent with the firm reviewing the documents on
12 | March 9th, due to the specific state law requirements for
13 | effecting personal service.
14 |     Both parties recognize that it is a requirement of
15 | Bankruptcy Code § 327(a) that attorneys who represent a chapter
16 | 11 debtor in possession not hold or represent an interest adverse
17 | to the estate and that the attorneys be disinterested.  For the
18 | time periods covered in this application, the Van Ostrands had
19 | separate counsel for the state court litigation.  Since the time
20 | covered by the application, the Van Ostrands have filed their own
21 | chapter 11 case, represented by Klein DeNatale.  In such a
22 | situation, it is incumbent on the court to review the facts
23 | carefully to determine whether there is an adverse interest or
24 | conflict of interest that would prohibit the dual representation.
25 | However, at the time covered in this fee application, there was
26 | no dual representation.  In fact, a hearing is set on the
27 | application of Klein DeNatale to represent the Van Ostrands in
28 | their chapter 11 case.  Whatever the outcome of that application

is, the court is satisfied that Klein DeNatale has met its burden of proof that during the time period covered by this application, it did not represent an interest adverse to the chapter 11 debtor here.

    For the foregoing reasons, the objections of Perry Grove to the application are overruled and the application is granted. Klein Denatale may submit a form of order consistent herewith.

DATED: June ___, 2009.

_____
WHITNEY RIMEL
United States Bankruptcy Judge

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA    .)
                       )  ss.
COUNTY OF FRESNO       )

    I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2500 Tulare Street, Suite 2501, Fresno, California, 93721. On June __/__, 2009, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

T. Scott Belden, Esq.
Lisa Holder, Esq.
KLEIN, DeNATALE, GOLDNER, COOPER,
   ROSENLIEB & KIMBALL
4550 California Ave., Second Floor
Bakersfield, California 93309

Steven M. Garber, Esq.
STEVEN M. GARBER & ASSOCIATES
1901 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067

Steve Karcher, Esq.
BORTON PETRINI LLP
5060 California Avenue, Suite 700
Bakersfield, CA 93309

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721

    I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on June __/__, 2009, at Fresno, California.

                                               *Kathy Torres*
                                  Kathy Torres, PLS